UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES DELORIE, | Case No.: 2:09-cv-00933-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Sanctions and Motion to Dismiss–#25) |
| PARBALL CORPORATION, d.b.a. BALLY'S PARIS GAMING, a Nevada corporation, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 501, CALIFORNIA, a collective bargaining unit, | |
| Defendants. | |

Before the Court is Defendant Parball Corporation's, d.b.a. Bally's Las Vegas ("Parball") **Motion for Sanctions Pursuant to Rule 11 and Motion to Dismiss** (#25), filed December 14, 2009. The Court has also considered Plaintiff James Delorie's Opposition (#31), filed January 16, 2010, and Parball's Reply (#32), filed January 26, 2010.

### BACKGROUND

This case arises from Delorie's claim that Defendants Parball and International Union of Operating Engineers, Local 501 (the "Union") harassed and intimidated him while he was employed at Bally's Las Vegas and then retaliated against him by terminating his

1

employment. Delorie filed suit against Defendants on May 25, 2009, alleging: (1) the tort of outrage; (2) breach of the duty of fair representation; (3) civil conspiracy; (4) negligent training and supervision; and (5) breach of collective bargaining agreement pursuant to the Labor Management Relations Act ("LMRA") § 301. On July 15, 2009, the Union filed a Motion to Dismiss (#11). Parball subsequently filed a Joinder (#13) to this motion only as to Delorie's claim for punitive damages. The Court granted the Union's motion dismissing the first, third, and fourth claims against the Union and striking the punitive damages claim against both Defendants. (#23, Order, Nov. 6, 2009.)

On November 13, 2009, Parball dispatched a letter to Delorie asking him to voluntarily dismiss his third claim for civil conspiracy, otherwise Parball would seek sanctions pursuant to Rule 11. The letter explained Parball's position that Delorie could no longer maintain the civil conspiracy claim after the Court dismissed the same claim against the Union. Delorie responded in writing on November 18, 2009, and informed Parball of his belief that each co-conspirator need not be named as defendants to maintain the civil conspiracy claim. Parball maintained its original position; however, Delorie chose not to voluntarily dismiss the claim. On December 14, 2009, Parball filed the instant motion for sanctions and motion to dismiss. For the reasons discussed below, the Court grants Parball's motion to dismiss but denies the motion for sanctions.

**DISCUSSION**

**I.     Motion to Dismiss**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

1  (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise
2  above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a
3  complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its
4  face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).
5        In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts
6  are to apply when considering motions to dismiss. First, a district court must accept as true all
7  well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the
8  assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only
9  by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider
10 whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A
11 claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw
12 a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where
13 the complaint does not permit the court to infer more than the mere possibility of misconduct, the
14 complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal
15 quotation marks omitted). When the claims in a complaint have not crossed the line from
16 conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

    **A.**    **Civil Conspiracy**

18       Parball asks the Court to dismiss Delorie's claim for civil conspiracy noting that the
19 Court has previously dismissed the same claim as to the Union. An actionable civil conspiracy
20 "consists of a combination of two or more persons who, by some concerted action, intend to
21 accomplish an unlawful objective for the purpose of harming another, and damage results from the
22 act or acts." *Consol. Generator-Nevada v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev.
23 1998) (quoting *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1210 (Nev.
24 1993)).
25       The Court finds that Delorie's civil conspiracy claim against Parball is also
26 preempted by LMRA § 301. In the Union's motion to dismiss, it urged the Court to dismiss

Delorie's civil conspiracy claim because it was preempted by LMRA § 301. (#12, Mem. 14.) In the seminal case *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985), the Supreme Court held that state law tort remedies are preempted by § 301 when they are "inextricably intertwined" with consideration of a collective bargaining agreement's terms. *Id*. at 213; *see also Germann v. Vulcan Materials Co.*, 106 F. Supp. 2d 1010, 1014 (S.D. Cal. 2000). The Union argued that the civil conspiracy claim was inextricably intertwined with the collective bargaining agreement and thus preempted because the Court would have to determine whether Parball had "'just cause' to discipline and terminate [Delorie]." (#12, Mem. 14.) In his opposition, Delorie referred to the Union's argument as "well taken on all counts attacked." (#16, Opp'n 1.) With this admission, the Court dismissed the civil conspiracy claim against the Union. The Court's assessment of the civil conspiracy claim is the same for both the Union and Parball. As alleged, the civil conspiracy claims against either party involve a factual analysis of discipline and termination procedures under the parties' collective bargaining agreement; thus, the claim against Parball is also preempted by § 301. Accordingly, the Court dismisses this claim.

**II.      Motion for Sanctions Pursuant to Rule 11**

Rule 11 authorizes sanctions regarding presentations to a court that through a reasonable inquiry would have been found to be improper, unwarranted, frivolous, or lacking an evidentiary basis. Fed. R. Civ. P. 11(b). Rule 11 sanctions apply to an attorney or unrepresented party who signs, files, submits, or later advocates the "pleading, written motion, or other paper" of concern to the court. *Id*.

Parball argues that Delorie cannot properly maintain a conspiracy claim unless both co-conspirators are a party to the action. Thus, Parball asserts that Delorie's refusal to voluntarily dismiss the civil conspiracy claim is improper and frivolous. Delorie's Opposition (#31) however cites to numerous cases where co-conspirators were not a party to the proceedings. The Court need not address this question because Delorie's civil conspiracy claim fails as a matter of law. However, Delorie's response demonstrates that his counsel conducted research on this issue. The

Court is satisfied that Delorie's argument is nonfrivolous, and it concludes that sanctions are not appropriate here. Accordingly, the Court denies Parball's motion for sanctions.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Parball's Motion for Sanctions (#25) is DENIED.

IT IS FUTHER ORDERED that Parball's Motion to Dismiss (#25) is GRANTED as to Delorie's civil conspiracy claim.

Dated: April 14, 2010.

_____
ROGER L. HUNT
Chief United States District Judge