JEFFREY A. DICKERSON
NEVADA Bar No. 2690
9655 Gateway Dr., Suite B
Reno, NV 89521
(775) 786-6664
(775) 786-7466-Facsimile

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

JAMES DELORIE, an individual,

      Plaintiff,

vs.

PARBALL CORPORATION,
d.b.a. BALLY'S PARIS GAMING,
a Nevada corporation, INTERNATIONAL UNION
OF OPERATING ENGINEERS, LOCAL 501,
CALIFORNIA, a collective bargaining unit,

      Defendants.

_____/

CASE NO. 2:09-cv-00933-RLH-LRL

PLAINTIFF'S MOTION TO COMPEL

## MOTION

Plaintiff moves the Court pursuant to Fed.R.Civ.P. 37(a) for an order compelling the Employment Security Division of the State of Nevada to respond completely and without objection to the Subpoena Duces Tecum served upon it as reflected in Exhibit 1 to the Declaration of Dickerson hereto. Mr. Dickerson certifies he has personally consulted with Mr. Susich and has been unable to resolve this dispute. This motion is made and based upon the following points and authorities, the Dickerson Declaration, together with all the papers,

/ / /

/ / /

/ / /

/ / /

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV. 89521
(775) 786-6664

JAD/sh/delorie/compel-mtn

1

pleadings and record on file in this action.

DATED this 28th day of May, 2010.

> LAW OFFICE OF
> JEFFREY A. DICKERSON
>
> /S/ Jeffrey A. Dickerson
> JEFFREY A. DICKERSON

<u>POINTS AND AUTHORITIES</u>

The basis for objection is a State statute NRS 612.265(2).  The letter of objection from counsel for the Division is attached as Exhibit 2 to the Declaration of Dickerson.

This is a federal court proceeding.  NRS 612.265 does not control or override the rules of discovery.  *In Re: Grand Jury Subpoena*, 198 F.Supp.2d 113, 116-7 (D. Alaska 2002) (similar confidentiality provision under Alaska's employment security laws do not justify failure to respond to a federal grand jury subpoena); *Menses v. USPS*, 942 F.Supp 1320, 1324 (D. Nev. 1996) ("ESD's assertion that NRS 612.265 applies to plaintiff's federal claim brought under the Federal Tort Claims Act is misplaced.  The Nevada statute which makes all communications prepared under the state's unemployment compensation chapter privilege does not regulate the discovery of evidence in a federal case where the claim is federal in nature, and, where state law does not supply the rule of decision. . .".).  Plaintiff alleges in this federal case under federal law that termination of his employment was illegal and challenges the basis for that determination.  The subject matter at the appeal hearing before the Employment Security Division was whether the employee engaged in misconduct justifying his termination such that he would not receive benefits.  The employer put on evidence through testimony and documents at that hearing that are thus relevant to the proceedings in this action.  The subpoena is thus reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses in the case.

/ / /

/ / /

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV, 89521
(775) 786-6664

Based upon the foregoing, the motion to compel should issue.

DATED this 28th day of May, 2010.

LAW OFFICE OF
JEFFREY A. DICKERSON

/S/ Jeffrey A. Dickerson
JEFFREY A. DICKERSON

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV. 89521
(775) 786-6664

JAD/sh/delorie/compel-mtn

3

1    <u>DECLARATION OF JEFFREY A. DICKERSON</u>

2    I am counsel for Plaintiff herein and make my declaration as follows:

3    Attached hereto as Exhibit 1 is a true and correct copy of the Subpoena Duces Tecum

4 served on the ESD in this matter.

5    Attached hereto as Exhibit 2 is a true and correct copy of the objection letter from

6 counsel for the Division dated May 18, 2010.

7    I have attempted to consult with Mr. Susich concerning the matters herein and have

8 been unable to resolve this dispute.

9    I declare under penalty of perjury the foregoing is true and correct of my own personal

10 knowledge.

11    Dated this 28th day of May, 2010.

12                    /S/ Jeffrey A. Dickerson
                     JEFFREY A. DICKERSON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV. 89521
(775) 786-6664

# Exhibit 1

# Exhibit 1

1  JEFFREY A. DICKERSON ORIGINAL
   NEVADA Bar No. 2690
2  9655 Gateway Dr., Suite B
   Reno, NV 89521
3  (775) 786-6664
   (775) 786-7466-Facsimile
4
   Attorney for Plaintiff
5

6
                   UNITED STATES DISTRICT COURT
7
                        DISTRICT OF NEVADA
8                             * * *
9
   JAMES DELORIE, an individual,
10                                          CASE NO. 2:09-cv-00933-RLH-LRL
           Plaintiff,
11
12 vs.                                      SUBPOENA DUCES TECUM

13 PARBALL CORPORATION,
   d.b.a. BALLY'S PARIS GAMING,
14 a Nevada corporation, INTERNATIONAL UNION
   OF OPERATING ENGINEERS, LOCAL 501,
15 CALIFORNIA, a collective bargaining unit,

16         Defendants.
                                         /
17
        TO:   The Custodian of Records:
18            Appeals Office, State of Nevada
              Dept. Of Employment, Training & Rehabilitation,
19            Employment Security Division,
              2800 E. St. Louis Ave.
20            Las Vegas, NV 89104-4227

21         Pursuant to Fed. R. Civ. P. 45, you are commanded to produce certified copies of

22 the following documents, writings, data, and tangible things to the undersigned by mail

23 within 14 days of service of this subpoena duces tecum.  No appearance is necessary.

24 Failure to comply will result in a motion to compel production in this Court, seeking

25 appropriate sanctions and/or orders to show cause why you should not be held in contempt

26 of this Court.  Any objection must be served upon the undersigned and may be conveyed

27 in a reasonable manner, including fax, email to jeff@gbis.com, via phone or mail.

28 YOU ARE COMMANDED to produce and permit inspection and copying of the following

*(Left margin, vertical text)* Jeffrey A. Dickerson, Esq. / 9655 Gateway Dr., Suite B / Reno, NV, 89521 / (775) 786-6664

documents or objects at the place, date and time specified below:

**DOCUMENTS AND OBJECTS relating to James Delorie's Unemployment Appeal, Case No. V-08-A-12109, including tape/transcript of proceedings..**

ISSUING OFFICER:

LAW OFFICE OF
JEFFREY A. DICKERSON

JEFFREY A. DICKERSON
ATTORNEY FOR PLAINTIFF
9655 GATEWAY DR., SUITE B,
RENO, NV 89521
(775) 786-6664

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV. 89521
(775) 786-6664

JAD/kdd/delorie/sub dt ESD                    2

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<div style="text-align:left; vertical-align:middle;">
Jeffrey A. Dickerson, Esq.<br>
9655 Gateway Dr., Suite B<br>
Reno, NV. 89521<br>
(775) 786-6664
</div>

1

<u>CERTIFICATE OF MAILING</u>

Pursuant to FRCP 5(b), I certify that I am an employee of Jeffrey A. Dickerson and that on this 27th day of April, 2010, I deposited for mailing, postage prepaid, a true and correct copy of the foregoing document, addressed as follows:

Patrick H. Hicks
Veronica Arechederra Hall
Littler Mendelson
3960 Howard Hughes Parkway, Ste. 300
Las Vegas, NV 89169-5937

Lewis N. Levy
Rudy Balderama
Levy, Stern & Ford
3660 Wilshire Blvd., Ste 600
Los Angeles, CA 30010

Thomas F. Pitaro
7435 Valley View Blvd.
Ls Vegas, NV 89139

_____
Signature

## AFFIDAVIT

State of Nevada                    )
                                     ss.
County of Washoe                   )

JOHN LEE, being first duly sworn deposes and says:

That affiant is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #322, and not a party to, nor interested in the within action affiant received the documents on **May 12 2010  1:08PM** and on **May 13 2010  10:25AM** affiant personally served a copy of the
SUBPOENA DUCES TECUM; WITNESS FEE $40.00

on JOYCE GOLDEN AUTHORIZED TO ACCEPT, ACCEPTED ON BEHALF OF THE CUSTODIAN OF
   RECORDS FOR APPEALS OFFICE, STATE OF NEVADA DEPT. OF EMPLOYEMENT, TRAINING &
   REHABILITATION, EMPLOYMENT SECURITY DIVISION

   500 E THIRD STREET
   CARSON CITY, NV

   Affiant does hereby affirm under penalty of perjury that the assertions of this affidavit are true.

_____
                              JOHN LEE

Signed and sworn to before me on **May 13 2010**
by JOHN LEE

JOHNNO LAZETICH
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 04-89542-2 - Expires January 28, 201_

_____
Notary Public

Reno/Carson
Messenger
Service, Inc.
License #322

185 Martin St
Reno, NV 89509
775-322-2424

# Exhibit 2

# Exhibit 2

EMPLOYMENT SECURITY
DIVISION

Office of the Administrator



**DETR**
Nevada Department of Employment,
Training and Rehabilitation

JIM GIBBONS
Governor

LARRY J. MOSLEY
Director

CYNTHIA JONES
Administrator

May 18, 2010

2010
MAY 20 REC'D

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV 89521

RE:   **Subpoena Duces Tecum:** *James Delorie*

Dear Mr. Dickerson:

As chief counsel for the Employment Security Division, I am in receipt of your request for information/documentation regarding the above-named individual. We would very much like to cooperate with your request; however, we must comply with existing state and federal law. Upon review of your request, it appears that you do not fall within any of the exceptions contained in NRS 612.265. Specifically, NRS 612.265(2) provides:

> "Any claimant or his legal representative is entitled to information from the records of the Division, to the extent necessary for the proper presentation of his claim *in any proceeding pursuant to this chapter. A claimant* or an employing unit *is not entitled to information from the records of the Division for any other purpose*." (Emphasis added.)

Recently, the United States Department of Labor issued a regulation which requires that we have an order signed by a judge to release the requested records. The Employment Security Division is required by Department of Labor regulations to strongly oppose any effort to obtain a court order for release of records in violation of NRS 612.265. Therefore, if you decide to seek a court order please notify me, as counsel for ESD, of such motion inasmuch as I will be opposing the same.

As a consequence of the foregoing, I am returning your check #11324 in the sum of $40.$^{00}$. If you believe you are entitled to the document production under the statute, please contact me at the Carson City address below.

Very truly yours,

J. THOMAS SUSICH, ESQ.

JTS:sch
Enclosure
cc  Cynthia Jones, Administrator

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I, Jeffrey A. Dickerson, certify that on this 26th day of May, 2010, I electronically filed the preceding document, pursuant to which will be served on all parties to this action via the ECF electronic filing system, as follows:

Patrick H. Hicks
Veronica Arechederra Hall

Lewis N. Levy
Rudy Balderama

Thomas F. Pitaro

And further on the same date I deposited for mailing, postage prepaid, a true and correct copy of the foregoing document addressed as follows:

J. Thomas Susich
DETR
500 E. Third St.
Carson City, NV 89713

/S/ Jeffrey A. Dickerson
Signature

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV. 89521
(775) 786-6664

JAD/sh/delorie/compel-mtn

5