1   J. THOMAS SUSICH, ESQ.
    Nevada State Bar No. 898
2   STATE OF NEVADA, Department of
       Employment, Training & Rehabilitation (DETR)
3          Employment Security Division (ESD)
    500 East Third Street
4   Carson City, NV 89713
    Telephone:     (775) 336-5450
5   Facsimile:     (775) 336-5481
       *Attorney for* **ESD**
6

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9   JAMES DELORIE, an individual,
                                          CASE NO.     2:O9-CV-00933-RLH-LRL
10             Plaintiff,

11       *vs.*                            **ESD'S OPPOSITION TO**
                                          **PLAINTIFF'S MOTION TO COMPEL**
12  PARBALL CORPORATION, d.b.a. BALLY'S
    PARIS GAMING, a Nevada Corporation,
13  INTERNATIONAL UNION OF OPERATING
    ENGINEERS, LOCAL 501, CALIFORNIA, a
14  collective bargaining unit,

15             Defendants.

16

17          **COMES NOW**, J. Thomas Susich, Esq., on behalf of the Employment Security

18  Division (ESD) of the Nevada Department of Employment, Training and Rehabilitation, and

19  opposes Plaintiff's Motion to Compel, as follows:

20          ESD is a state agency which is charged by Nevada law with the administration of

21  unemployment insurance benefits in the state.  Nevada employers pay contributions which are

22  placed in an administrative trust fund from which all benefits are paid.  All administrative

23  functions of ESD, however, are federally funded.  ESD is required by federal law to establish

24  certain procedures regarding the administration of unemployment insurance benefits within the

J. THOMAS SUSICH, ESQ.
Division Sr. Legal Counsel
STATE OF NEVADA DETR/ESD
500 EAST THIRD STREET
CARSON CITY, NV 89713
(775) 336-5450
(775) 336-5481 FAX

1

1    state. Included in these requirements is NRS 612.265 which restricts access to highly sensitive

2    information about Nevada citizens and their employers.

3            The State of Nevada and ESD, as the applicable agency, are subject to the

4    mandates of federal statutory and regulatory law regarding the administration of Nevada's

5    unemployment compensation system. 20 CFR § 603.7 states as follows:

6                  Except as provided in paragraph (b) of this section, when a
                    subpoena or other compulsory process is served upon a State UC

7                  agency or the State, any official or employee thereof, or any
                    recipient of confidential UC information, which requires the

8                  production of confidential UC information or appearance for
                    testimony upon any matter concerning such information, the State

9                  or State UC agency or recipient must file and diligently pursue a
                    motion to quash the subpoena or other compulsory process if other

10               means of avoiding the disclosure of confidential UC information
                   are not successful or if the court has not already ruled on the

11               disclosure. Only if such motion is denied by the court or other
                   forum may the requested confidential UC be disclosed, and only

12               upon such terms as the court or forum may order, such as that the
                   recipient protect the disclosed information and pay the State's or

13               State UC agency's costs of disclosure.

14            The only exceptions as stated in the regulation are the existence of a precedential

15    decision of the court regarding such a request, or if the request is received from a state or federal

16    governmental agency permitted to receive the information without a subpoena. 20 CFR §

17    603.7(b)(1) and (2).

18            Nevada's Unemployment Compensation laws are governed by Section 303 of the

19    Social Security Act. [42 U.S.C. 503.] Section 303(a)(1) requires the states to comply with the

20    directives of the Secretary of Labor regarding the administration of its UC system consistent with

21    the Federal Unemployment Tax Act [FUTA]. Section 303 of the SSA also requires the states to

22    adopt laws which will insure that information obtained by the state UC system be safeguarded

23    from disclosure to persons not authorized by Section 303, FUTA and the directives of the

24    Secretary of Labor.

J. THOMAS SUSICH, ESQ.
Division Sr. Legal Counsel
STATE OF NEVADA DETR/ESD
500 EAST THIRD STREET
CARSON CITY, NV 89713
(775) 336-5450
(775) 336-5481 FAX

2

1      Nevada, in compliance with federal law, has adopted NRS 612.265 which

2   provides that no claimant or employer may have access to information from Nevada's UC

3   system for any purpose other than an appeal under NRS Chapter 612. NRS 612.265(2). In this

4   case, the plaintiff has served a subpoena duces tecum on the Administrator of ESD demanding

5   the production of: "Documents and Objects relating to James Delorie's Unemployment Appeal,

6   Case No. V-08-A-12109, including tape/transcript of proceedings."   Mr. Delorie has exhausted

7   all appeals under NRS Chapter 612; and therefore, does not require the information for any

8   pending appeal under the statute.   By Nevada law, as mandated by federal law, he is not

9   permitted to have said information.

10      Plaintiff argues in his Motion to Compel that a decision issued in 1996 by this

11   Court requires Nevada ESD to ignore Nevada law and provide documents from its files to any

12   party subpoenaing documents pursuant to an action filed in the federal district court. While the

13   case of *Menses v. United States Postal Service,* 942 F. Supp. 1320 (1996), may be considered a

14   precedential case regarding the disclosure of confidential ESD information, it presents two

15   problems:

16      **1.** The case does not address the fact that Section 303 of the SSA and regulations

17   adopted by the Secretary of Labor mandate Nevada to adopt NRS 612.265.   In a publication

18   submitted to Nevada ESD by the United States Department of Labor, said agency states:

19   The relevant Federal law provision is Section 303(a)(1), SSA,
     which has been interpreted to prohibit disclosure of claimant and
20   employer UI information on the basis that this information is
     confidential and disclosure would, among other things, impede the
21   proper and effective administration of the UI program.   While
     States are free to disclose claimant and employer UI information to
22   public officials in the performance of their duties, to agents or
     contractors of public officials, or on the basis of informed consent,
23   employment/wage information is otherwise confidential and may
     not otherwise be disclosed. (See 20 CFR Part 603 and UIPLs 34-
24   97 and 21-99.)

J. THOMAS SUSICH, ESQ.
Division Sr. Legal Counsel
STATE OF NEVADA DETR/ESD
500 EAST THIRD STREET
CARSON CITY, NV 89713
(775) 336-5450
(775) 336-5481 FAX

3

1    In other words, while NRS 612.265 is technically a "state law," it is a law which

2  the federal government has required be adopted and administered by a federally funded state

3  agency which includes a requirement to vigorously oppose the production of documents from its

4  records to persons not specifically authorize to receive them under the federal directives set forth

5  in Section 303 of the SSA.  ESD receives in excess of ten subpoenas a month from the federal

6  district court in Nevada.  NRS 612.265 is not just a state law.  It is, in fact, a law mandated by

7  federal law.

8    **2.**  No less problematic is the fact that ESD has no way of determining whether

9  state or federal law will supply the "rule of decision" in the case from which a subpoena arises.

10 The Court in *Menses, supra,* pointed out that Rule 501 of the Federal Rules of Evidence does not

11 permit discovery of state privileged materials in cases arising under *Erie R. Co. v. Tompkins,* 304

12 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1983), which includes most diversity actions.

13    The subpoena served upon ESD in this case, as in all cases, contains no

14 information from which ESD can discern whether the case falls within the exception adopted by

15 the court in *Menses.*   Thus, ESD, which is not a party, would, when served with a federal

16 subpoena, be expected to know what law will supply the "rule of decision" in the case in order to

17 determine whether to comply with the subpoena.  It is submitted that expecting ESD to do this is

18 unreasonable and subjects ESD to an undue burden in violation of FRCP 45.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

J. THOMAS SUSICH, ESQ.
Division Sr. Legal Counsel
STATE OF NEVADA DETR/ESD
500 EAST THIRD STREET
CARSON CITY, NV 89713
(775) 336-5450
(775) 336-5481 FAX

4

1    It is requested that this Court issue a decision specifically providing guidance to

2  ESD regarding responses to federal district court subpoenas.  ESD asks that the Court address the

3  application of *Menses* in light of the federal law mandating the adoption of NRS 612.265; and, if

4  the Court reaffirms the reasoning in *Menses*, provide ESD with a mechanism, short of filing a

5  motion to quash in every case, by which ESD can determine whether the case in question

6  requires the production of confidential information in violation of the federally mandated state

7  law.

8    **DATED** this 9th day of June, 2010.

9

10    J. THOMAS SUSICH, ESQ.

11    *Attorney for* ESD

12

13

14

15

16

17

18

19

20

21

22

23

24

J. THOMAS SUSICH, ESQ.
Division Sr. Legal Counsel
STATE OF NEVADA DETR/ESD
500 EAST THIRD STREET
CARSON CITY, NV 89713
(775) 336-5450
(775) 336-5481 FAX

5

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of the State of Nevada, over the age of 18 years; and that on the date hereinbelow set forth, I electronically filed the foregoing ESD'S OPPOSITION TO MOTION TO COMPEL; and as a consequence thereof, the following parties to this action will be served via the ECF electronic filing system:

Jeffrey A. Dickerson, Esq.

Patrick H. Hicks, Esq.
Veronica Arechederra Hall, Esq.

Lewis N. Levy, Esq.
Rudy Balderama, Esq.

Thomas F. Pitaro, Esq.

**DATED** this 9th day of June, 2010.

SHERI C. HORNSBY

J. THOMAS SUSICH, ESQ.
Division Sr. Legal Counsel
STATE OF NEVADA DETR/ESD
500 EAST THIRD STREET
CARSON CITY, NV 89713
(775) 336-5450
(775) 336-5481 FAX

1