UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES DELORIE, | ) |
| Plaintiff, | ) |
| v. | ) 2:09-cv-00933-RLH-LRL |
| | ) **O R D E R** |
| PARBALL CORPORATION, et al., | ) |
| Defendants. | ) |

Before the court is Plaintiff's Motion to Compel (#36). Non-party, Employment Security Division ("ESD") of the Nevada Department of Employment, Training, and Rehabilitation, filed an Opposition (#39), and plaintiff filed a Reply (#40).

This federal labor law case arises from plaintiff's claim that defendants harassed and intimidated him while he was employed at Bally's Las Vegas and then retaliated against him by terminating his employment. The instant matter concerns a subpoena duces tecum that plaintiff served on ESD, requesting "documents and objects relating to James Delorie's Unemployment Appeal, Case No. V-08-A-12109, including tape/transcript." Mot. (#36) at Exh. 1. Plaintiff represents that the "subject matter at the appeal hearing before the [ESD] was whether the employee engaged in misconduct justifying his termination such that he would not receive benefits. The employer put on evidence through testimony and documents at the hearing that are thus relevant to the proceedings in this action." *Id.* at 2.

ESD maintains that it cannot release the information because it is privileged under NRS 612.265.[1] Opp'n (#39). Hence, inasmuch as plaintiff "has exhausted all appeals under NRS Chapter

---

[1]NRS 612.265(2) provides:
Any claimant or a legal representative of a claimant is entitled to information from the records of the Division, to the extent necessary for the proper presentation of the claimant's claim in any proceeding pursuant to this chapter. A claimant or an employing unit is not entitled to information from the records of the Division for any other purpose.

1  612; and therefore does not require the information for any pending appeal under the statute," ESD
2  argues, "[b]y Nevada law, as mandated by federal law, he is not permitted to have said information."
3  *Id.* at 3.

4      Plaintiff maintains that this court's decision, *Menses v. United States Postal Serv.*, 942 F. Supp.
5  1320 (D. Nev. 1996), resolves the issue in his favor. In *Menses*, the court addressed the question
6  whether NRS 612.265 applied in an action brought under the Federal Tort Claims Act. The court
7  concluded:

8      The Nevada statute which makes all communication prepared under the state's
    unemployment compensation chapter privileged does not regulate the discovery of
9      evidence in a federal case where the claim is federal in nature, and, where state law does
    not supply the rule of decision but rather is incorporated "as a matter of federal common
10     law."

11 *Menses*, 942 F. Supp. at 1324.

12     Pursuant to 20 C.F.R. § 603.7, ESD "must file and diligently pursue a motion to quash the
13 subpoena or other compulsory process" which requires the production of confidential Unemployment
14 Compensation program information, unless a court has previously issued a binding precedential decision
15 that requires disclosure, or the subpoena was issued by a official with subpoena authority. Opp'n (#39)
16 at 2. ESD concedes that *Menses* "may be considered a precedential case regarding the disclosure of
17 confidential ESD information" but states: (1) the case does not address Section 303 of the Social
18 Security Act, which ESD argues mandates Nevada to adopt NRS 612.625; and (2) "Rule 501 of the
19 Federal Rules of Evidence does not permit discovery of state privileged materials in cases arising under
20 *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1983), which includes most diversity actions." *Id.* at 3-4.

21     Here, as in *Menses*, the court is not faced with an action in diversity, but one in which the federal
22 court has original jurisdiction. ESD's concern regarding *Erie* is therefore a non-issue in this case. As
23 for ESD's other argument, it asserts that "while NRS 612.265 is technically a 'state law,' it is a law
24 which the federal government has required be adopted and administered by a federally funded state
25 agency which includes a requirement to vigorously oppose the production of documents from its records
26 to persons not specifically authorize [Sic] to receive them under the federal directives set forth in

1  Section 303 of the SSA." Opp'n (#39) at 4. In essence, ESD argues that NRS 612.265 should be

2  viewed as though it were a federal statute. Other than to argue as much, ESD does not provide any legal

3  support or authority for such a "proxy" theory.

4      ESD next argues that *Menses* "does not address the fact that Section 303 of the SSA and

5  regulations by the Secretary of Labor mandate Nevada to adopt NRS 612.265." For support, ESD

6  quotes from an unidentified publication "submitted to Nevada ESD by the US Department of Labor":

> The relevant Federal law provision is Section 303(a)(1), SSA, which has been interpreted to prohibit disclosure of claimant and employer UI information on the basis that this information is confidential and disclosure would, among other things, impede the proper and effective administration of the UI program. While States are free to disclose claimant and employer UI information to public officials in the performance of their duties, to agents or contractors of public officials, or on the basis of informed consent, employment/wage information is otherwise confidential and may not otherwise be disclosed. (See 20 C.F.R. Part 603 and UIPLs 34-97 and 21-99.)

Opp'n (#39) at 3.

    The above Department of Labor language does not convert NRS 612.265 from a state to a federal rule of confidentiality. NRS 612.265 is still a Nevada statute. The court in *Menses* analyzed the application of this very statute to a federal case where the claim is federal in nature and found that it did not regulate discovery in that instance. *Menses*, 942 F. Supp. at 1324. ESD's arguments do not convince the court that a different result should issue in this matter. As in *Menses*, this case involves a federal claim being litigated in a federal court. The state privilege does not prevent discovery of the subpoenaed material.

    Accordingly, and for good cause shown,

    IT IS ORDERED that plaintiff's Motion to Compel (#36) is GRANTED. ESD shall produce the subpoenaed documents forthwith.

    DATED this 13th day of August, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

3